WILLOUGHBY JORDAN *et al.*, plaintiff in error, *vs.* SINTHA A. FOUNTAIN, defendant in error.

Where A gave a promissory note to B for a sum certain, due at a fixed time, as part consideration for a parcel of land, conditioned, however, that before it was to be paid B should take up a note given by him to C, on the purchase of the same land:
*Held,* that B might recover on A's note, on proof that his (B's) note to C was barred by the statute of limitations.

Promissory notes. Statute of limitations. Before Judge KIDDOO. Randolph Superior Court. May Term, 1873.

Sintha A. Fountain brought complaint against Willoughby Jordan and O. H. Jordan, on the following note:

"By the first day of January, 1871, we promise to pay Sintha A. Fountain or bearer, three hundred and fifty dollars,

as the balance due on lot of land number 170, being in the 5th district of Randolph county, land bound for the payment of this note, with the condition that said Sintha A. Fountain is to take up and pay off, or cause to be paid off, a note given to Manning G. Stamper for two hundred and twenty-eight dollars, payable the first day of January, 1865, and dated 7th day of February, 1863, this above Stamper note to be paid off out of this note, it being given to said Stamper as a part of the purchase money for said land, and this note is subject to the payment of the Stamper note, this the 13th day of October, 1869, or becomes void.

(Signed)                "WILLOUGHBY JORDAN,<br>"O. H. JORDAN."

On this note were various credits, amounting in the aggregate to $200 00.

The defendant pleaded that the plaintiff had not complied with the condition embraced in said note, in this, that she had not paid off her note to Stamper.

The evidence is unnecessary to an understanding of the decision.

The defendants requested the court to charge that the plaintiff could not recover until she showed a compliance with the condition expressed in the contract sued on in reference to the payment of the Stamper note. The court refused said request, and charged, in substance, that if said note to Stamper was given and became due prior to June 1st, 1865, and had not been sued prior to January 1st, 1870, it was barred by the statute of limitations, and the plaintiff having been discharged from liability thereon by operation of law, could recover from the defendants.

The jury found for the plaintiff. The defendants moved for a new trial, because of said refusal to charge and of the charge as given. The motion was overruled, and defendants excepted.

WEST HARRIS; JAMES T. FLEWELLEN, by A. HOOD, for plaintiffs in error.

WORRILL & CHASTAIN, for defendant.

McCAY, Judge.

We see no error in ruling out the deed or bond.  As they stood they were simply papers purporting to be duly signed by the parties making them, and could not go in evidence without proof of their execution, under the rules in such cases.    We think the court was right, both in his charge and refusal to charge.    Under the circumstances, with nothing more, perhaps the payment of the Stamper note was a condition precedent, and even if it were not, as the evidence is plain that the Stamper note was for the purchase money, and the defendants had notice that it was unpaid, they might defend the note now sued on until it was paid or discharged. But under the facts as they stood before the jury, this was immaterial.    The Stamper note was barred by the act of 1869; it was as though it was paid; the law presumes it paid; Stamper cannot sue upon it, and the defendants are in no danger from it.    The object of the condition is fully attained; they are free from any liability to pay the note of Stamper, which was a lien on the land.    This is all they have a right to ask, and the court was right in not complicating the case with a charge of law which, though true, had no significance, as the case stood.

Judgment affirmed.